IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| DUONG QUE TRANG § | |
| *Plaintiff,* § | |
| § | |
| v. § | |
| § | Civil Action No. 1:13-cv-00044 |
| § | |
| TAYLOR BEAN & WHITAKER § | |
| MORTGAGE CORP., U.S. BANK N.A. § | |
| BARRETT DAFFIN FRAPPIER TURNER § | |
| & ENGEL, LLP, § | |
| § | |
| *Defendants.* § | |

PLAINTIFFF'S RESPONSE TO DEFENDANT
BARRETT DAFFIN'S MOTION TO DISMISS.

NOW COMES DUONG QUE TRANG, Plaintiff, files this Response to Defendant Barrett Daffin's Motion to Dismiss, showing as follows:

I.

PROCEDURAL HISTORY

1. Plaintiff includes by reference all documents on file with the Court as of this filing.  On December 12, 2012, Plaintiff filed her case in the 250th District Court of Travis County, Texas.   On January 9, 2013, Barrett Daffin filed in said state court its Original Answer and Affirmative Defense.  (See Exhibit A, Answer of Barrett Daffin, filed and served on Plaintiffs.  Curiously, despite the Court's order to file all documents, this important, and for the purposes of this motion, dispositive, state court document has not been filed with this Court.)

2. On January 16, 2013, Defendant U.S. Bank, N.A. filed its Notice of Removal and Barrett Daffin filed its Consent to Removal.  Also on January 16, 2013, Barrett

Daffin filed its Motion to Dismiss for Failure to State a Claim pursuant to Federal Rule of Civil Procedure 12(b)(b)(6).

II.

ARGUMENT

3.  Federal Rule of Civil Procedure 12(b) states, in pertinent part, "A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed." Federal Rule of Civil Procedure 81(c) states, in pertinent part,

> (c) Removed Actions.
>  (1) Applicability. *These rules apply to a civil action after it is removed from a state court.*
>  (2) Further Pleading. After removal, repleading is unnecessary unless the court orders it. A defendant who *did not answer before removal* must answer or present other defenses or objections under these rules within the longest of these periods:
>   (A) 21 days after receiving—through service or otherwise—a copy of the initial pleading stating the claim for relief;
>   (B) 21 days after being served with the summons for an initial pleading on file at the time of service; or
>  (C) 7 days after the notice of removal is filed.

4. Barrett Daffin's motion to dismiss must be denied.  It filed an answer in state court prior to removal.  The motion is in violation of FRCP 12(b) and 81(c). *Nationwide Bi-Weekly Administration, Inc. v. Belo Corp.*, **512 F.3d 137 (5th Cir. 2007).**

PRAYER

WHEREFORE PREMISES CONSIDERED Plaintiff prays the Court deny Barrett Daffin's 12(b)(6) motion to dismiss.

**Respectfully submitted,**

**David Rogers, Attorney at Law**
2525 Wallingwood Dr., Suite 600
Austin, Texas 78746
(512) 923-6188

                (512) 457-0349 (fax)
                DARogers@aol.com


              _____/s/_*David Rogers*___
              **David Rogers**
              State Bar #24014089
              **Attorney for Plaintiffs**


## CERTIFICATE OF SERVICE

Pursuant to Federal Rules of Civil Procedure, a true and correct copy of the foregoing has been sent on this the 31st day of January 2013 to all parties of record via the method indicated as follows:

Mark D. Hopkins
State Bar No. 00793975
12117 Bee Caves Rd., Suite 260
Austin, Texas 78738
(512) 600-4320
(512) 600-4326 Fax
Attorneys for Barrett Daffin

B. David Foster
Ryan D.V. Greene
100 Congress Avenue, Suite 300
Austin, Texas 78701

Robert T. Mowrey
LOCKE LORD BISSELL & LIDDELL LLP
2200 Ross Avenue, Suite 2200
Dallas, Texas 75201-6776
Attorneys for US Bank

              _____/s/_*David Rogers*___

              David Rogers
              Attorney for Plaintiff